Estate of Louise P. Main, Deceased, Matthew H. Mataraso and Thomas C. Plowden-Wardiaw, Co-executors v. Commissioner.
Estate of Main v. Commissioner
Docket No. 1503-70.
United States Tax Court
T.C. Memo 1972-213; 1972 Tax Ct. Memo LEXIS 44; 31 T.C.M. (CCH) 1053; T.C.M. (RIA) 72213; October 3, 1972
Matthew H. Mataraso, 111 Washington Ave., Albany, N. Y., for the petitioners. Barry D. Gordon and Jay S. Hamelburg, for the respondent. TANNENWALD
Memorandum Opinion *45 TANNENWALD, Judge: Respondent determined a deficiency of $66,051.31 in the estate tax of the estate of Louise P. Main. The only issue presented for our consideration is whether the estate is entitled to a deduction under section 2055(a) (3) [1] for the value of decedent's residuary estate bequeathed to the Profit Sharing Plan and Trust of Main Brothers Oil Company, Inc.
All of the facts in this case have been stipulated and are found accordingly. Louise P. Main, the decedent herein, died on March 27, 1966. Matthew H. Mataraso and Thomas C. Plowden-Wardlaw, the executors of her estate, resided in the State of New York at the time of the filing of the petition herein. A Federal estate tax return was duly filed on June 26, 1967 with the district director of internal revenue, Albany, New York. At the time of her death, the decedent owned all of the outstanding stock of Main Brothers Oil Company, Inc. (hereinafter Main Bros.), a New York corporation. On July 25, 1957, the board of directors of Main Bros. adopted a profit sharing plan and trust (hereinafter referred to as the plan, *46 or the trust) for its employees. It was set up for the purpose of providing "a reward for all of its employees" and was intended to conform with the provisions of section 401. Eligibility requirements were expressed in terms of age and years of service, with part-time employees excluded. Contributions by the corporation were determined by graduated percentages of net pre-tax income (excluding dividends and capital gains), with the total amount of contributions in any one year not to exceed 15 percent of the total compensation paid or accrued during the year to all participants in the trust. Contributions were allocated to each participant on the basis of salary. Benefits were to be paid when a participant reached 65 and retired or if he became disabled and was no longer able to continue in the service of the company. Each participant had the right to designate a beneficiary of his benefits under the plan in the event of his death. A participant had the right to receive either a lump-sum payment or periodic installments under a life annuity contract with contingent beneficiaries designated by him. The trustees were given considerable latitude in investing the corpus of the trust. *47 On December 3, 1957, the Internal Revenue Service determined that the trust portion of the profit sharing plan was a qualified trust under section 401(a) and exempt from taxation under section 501(a). On January 30, 1960, the plan was amended to permit employees to contribute up to 10 percent of their annual compensation. An amendment dated December 21, 1962 reflected the merger and consolidation of Main Bros. with two other companies and provided for coverage of employees of all three companies. The last will and testament of the decedent provided, in pertinent part, as follows: NINTH: All the rest, residue and remainder of my estate of whatever kind and nature and wheresoever situate of which I may die seized or possessed or in which I may have any interest or over which I may have any power of appointment, including any lapsed or void legacies, I give, devise and bequeath to the present Trustees and their successors in interest of a Profit Sharing Plan and Trust entered into on July 25, 1957 between Main Brothers Oil Company, Inc. and Arthur M. Main (now deceased), Chester L. Hawley and Thomas C. Plowden-Wardlaw, as thereafter from time to time amended. 1054 Petitioners *48 deducted the sum of $213,985.57 on the decedent's estate tax return as a charitable bequest pursuant to section 2055 (a) (3). The trust involved herein was clearly established and operated to "reward" the employees of Main Bros. by providing them with benefits in the form of pensions, disability payments, and death benefits. Such being the case, the residuary estate bequeathed to the trustees was not "to be used * * * exclusively for * * * charitable * * * purposes" and therefore cannot qualify as a deductible transfer under section 2055(a) (3). In Estate of Rudolph G. Leeds, 54 T.C. 781 (1970), we held, in a court-reviewed decision, that a deduction for a similar bequest should not be allowed. To the same effect, see Watson v. United States, 355 F. 2d 269 (C.A. 3, 1965), and Hyams, III v. United States, ( E.D. La. 1970, 26 A.F.T.R. 2d 70-6095, 70-2 USTC 12,723). The only distinction between the facts herein and those present in Leeds is that the instant trust was already in existence and had been ruled by respondent to be exempt under section 501(a) as an organization described in section 401(a). We consider this distinction to be without *49 substantive significance. Many types of organizations are exempt under section 501(a) but do not satisfy the charitable, etc., requirement of section 2055(a). Nor is the fact that the payments provided by the trust may generally benefit the Government by sharing the burden of caring for the employees of Main Bros. in their old age sufficient for the purposes of section 2055(a). In order to permit the possibility of an additional adjustment, [2]
Decision will be entered under Rule 50. Footnotes
1. All references are to the 1954 Internal Revenue Code↩, as amended, unless otherwise specified.
2. See Rule 51, Tax Court Rules of Practice.↩